## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.* | ) | Case No. 19-30289 |
| | ) | |
| Debtors,[1] | ) | (Jointly Administered) |
| | ) | |
| The Blackjewel Liquidation Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proceeding No. _____ |
| v. | ) | |
| | ) | |
| CONSTRUCTION & RECLAMATION | ) | **COMPLAINT TO AVOID AND** |
| SERVICES, LLC, | ) | **RECOVER PREFERENTIAL** |
| | ) | **TRANSFERS UNDER 11 U.S.C. 547** |
| Defendants. | ) | |
| | ) | |

David J. Beckman, in his capacity as the Liquidation Trustee of the Blackjewel Liquidation Trust ("Plaintiff"), files this Adversary Complaint against Construction & Reclamation Services, LLC ("CRS" or "Defendant") and alleges as follows:

## NATURE OF THE CASE

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, payments in the approximate amount of $915,379.00 made to CRS out of the Debtors' estate within the ninety days preceding the commencement of the above-captioned bankruptcy proceedings pursuant to Sections 547 and 550

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors was located at P.O. Box 1010, Scott Depot, West Virginia 25560.

of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "<u>Bankruptcy Code</u>").  These payments were made by the Debtors to the Defendant on account of antecedent debts, and otherwise meet the statutory requirements for preferential transfers.

2.     In addition, Plaintiff seeks to disallow, pursuant to Sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for the benefit of the Defendant.  Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtors' estate to object to any such claim for any reason, including but not limited to any reason set forth in Sections 502(a) through (j) of the Bankruptcy Code.

## <u>THE PARTIES</u>

3.     Plaintiff the Blackjewel Liquidation Trust was established for the purpose of liquidating the Debtors' remaining assets, including by pursuing litigation and making distributions to the Debtors' creditors as provided by the First Amended Joint Chapter 11 Plan of Liquidation for Blackjewel L.L.C. and its Affiliated Debtors [Bankr. Doc. No. 2499] (the "<u>Plan</u>") and the Findings of Fact, Conclusions of Law, and Order (I) Approving the First Amended Disclosure Statement for Joint Chapter 11 Plan of Liquidation for Blackjewel, L.L.C. and its Affiliated Debtors, and (II) Confirming the First Amended Joint Chapter 11 Plan of Liquidation for Blackjewel, LLC and its Affiliated Debtors [Bankr. Doc. No. 3147] (the "<u>Confirmation Order</u>") entered in the Debtors' bankruptcy cases.  As provided by the Plan and Confirmation Order, and except as otherwise set forth therein, the Liquidation Trustee has sole authority to pursue the claims and causes of action set forth in this Complaint.

4.     The Debtors filed voluntary Chapter 11 petitions in this Court on July 1, 2019 and July 24, 2020, as applicable (the "<u>Petition Date</u>").

5.      CRS is a West Virginia limited liability company with its principal office located at 1025 North Main Street, Milton, West Virginia.  On information and belief, CRS is owned (through various holding companies) by a trust affiliated with Jeffrey A. Hoops ("Hoops"), the former President and Chief Executive Officer of Debtor Blackjewel, L.L.C. ("Blackjewel").  On information and belief, Hoops' spouse is the trustee of that trust.

## JURISDICTION & VENUE

6.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Plaintiff consents to entry of final judgment in the Bankruptcy Court.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL ALLEGATIONS

8.      CRS is a construction and reclamation contractor that provides services to clients in Kentucky, West Virginia, and Virginia.

9.      Upon information and belief, CRS is a single-member LLC.

10.      Upon information and belief, at all relevant times, Lexington Coal Company, LLC has owned all of the membership units of CRS.

11.      Upon information and belief, at all relevant times, the sole member of Lexington Coal Company, LLC has been Lexington Coal Holdings, Inc.

12.      Upon information and belief, at all relevant times, the sole member of Lexington Coal Holdings, Inc. has been the Lexington Coal Trust, and Hoops' spouse is the trustee of said trust.

13.      Prior to the Petition Date, CRS and Blackjewel executed a Construction and Reclamation Services Agreement (the "Agreement") under which CRS agreed to provide maintenance, reclamation, and construction work for Blackjewel in exchange for compensation.

The Agreement is attached hereto as **Exhibit A**.

14.     During the 90 day period prior to the Petition Date, or April 2, 2019 through July 1, 2019 (the "Preference Period"), the Debtors, including Blackjewel, continued to operate certain aspects of their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities, including CRS.

15.     Specifically, upon information and belief, CRS provided maintenance, reclamation, and construction services to and otherwise conducted business with Debtor Blackjewel through and including the Petition Date.

16.     Plaintiff has completed an analysis of certain readily available information of the Debtors and is seeking to avoid the transfers of any interest in the Debtors' property made by the Debtors to CRS within the Preference Period.

17.     Plaintiff has determined that Debtors made payments to CRS in the amount of $915,375.00 within the Preference Period (the "Preferential Transfers").  The details of each payment are set forth on **Exhibit B** attached hereto and incorporated by reference, including the payment date and payment amount.

18.     At the time of each Preferential Transfer, the Debtors were insolvent.

19.     During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to or for the benefit of CRS that are avoidable under the Bankruptcy Code or other applicable law.  It is Plaintiff's intention to avoid and recover all transfers, including all payments, made by the Debtors to or for the benefit of CRS that are avoidable under applicable law regardless of whether or not those transfers are presently reflected in **Exhibit B**.

20.     Plaintiff reserves the right to amend this Complaint as new information becomes

known to Plaintiff at any time during this adversary proceeding, through formal discovery or

otherwise, to include such information and/or assertions with respect to the Preferential Transfers

(as defined in this Complaint); fraudulent transfers within two years prior to the Petition date or as

otherwise provided by applicable state law under 11 U.S.C. §§ 548 and 544; revision of

Defendant's name; additional defendants; and/or additional causes of action including, but not

limited to, those pursuant to 11 U.S.C. §§ 542, 544, 547, 548, and 550 (collectively, the

"Amendments") and that any and all such Amendments relate back to the date of this Complaint.

### COUNT I
### (To Avoid of Preferential Transfers Under 11 U.S.C. § 547)

21.     Plaintiff re-alleges and incorporates by reference, as if fully rewritten herein, the

allegations contained in the foregoing paragraphs of this Complaint.

22.     On or within 90 days prior to the Petition Date, the Debtors made, or caused to be

made, the Preferential Transfers to or for the benefit of Defendant totaling at least $915,379, on

the date and in the amounts set forth on **Exhibit B**.

23.     Interest on the Preferential Transfers has accrued and continues to accrue from the

date each transfer was made.

24.     The Preferential Transfers were transfers of property or an interest in property of

the Debtors.

25.     At all relevant times, Defendant was a creditor of Debtor Blackjewel as defined by

11 U.S.C. § 101(10).

26.     The Preferential Transfers were made by the Debtors to or for the benefit of

Defendant.

27.     The Preferential Transfers were for, or on account of, antecedent debt owed by the

Debtors before the Preferential Transfers were made.

28.     The Debtors were actually insolvent on the dates that the Preferential Transfers were made.

29.     The Preferential Transfers enabled Defendant to receive more than it would have received if: (a) the Preferential Transfers had not been made; (b) the case was administered under Chapter 7 of the Bankruptcy Code; and (c) the Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

30.     Accordingly, each of the Preferential Transfers is avoidable and Plaintiff is entitled to an order and judgment against Defendant avoiding each of the Preferential Transfers pursuant to Section 547 of the Bankruptcy Code.

## COUNT TWO
### (To Recover Avoided Transfers Under 11 U.S.C. § 550)

31.     Plaintiff re-alleges and incorporates by reference, as if fully rewritten herein, the allegations contained in the foregoing paragraphs of this Complaint.

32.     Defendant was the initial transferee of the Preferential Transfers.

33.     To the extent that the Transfers are avoided pursuant to Section 547 of the Bankruptcy Code, as requested herein, Plaintiff is entitled to recover, for the benefit of the Liquidation Trust and the Debtors' creditors, the value of the avoided Preferential Transfers from Defendant, pursuant to Section 550 of the Bankruptcy Code.

34.     Accordingly, Plaintiff is entitled to judgment against Defendant in an amount not less than the amount of the avoided Preferential Transfers, plus pre- and post-judgment interest, attorneys' fees and costs pursuant to Section 550 of the Bankruptcy Code.

## COUNT THREE
## (Disallowance of Claims Under 11 U.S.C. § 502(d))

35.     Plaintiff re-alleges and incorporates by reference, as if fully rewritten herein, the allegations contained in the foregoing paragraphs of this Complaint.

36.     Defendant is the transferee of the Preferential Transfers, which are avoidable under Section 547 of the Bankruptcy Code and which are recoverable from Defendant pursuant to Section 550 of the Bankruptcy Code.

37.     Under Section 502(d) of the Bankruptcy Code, in the event that Defendant is liable for any avoidable Preferential Transfers, any claims held by Defendant against the Debtors must be disallowed unless the Defendant pays the amount of the Preferential Transfers.

**WHEREFORE**, Plaintiff demands judgment against CRS as follows:

(a)     Avoiding and recovering the Preferential Transfers pursuant to 11 U.S.C. § 547 and 550;

(b)     Granting judgment in favor of Plaintiff in the amount of $915,379 pursuant to 11 U.S.C. § 550, plus pre- and post-judgment interest and costs, and such other amounts as may be proven at trial;

(c)     Disallowing Defendant's claim or claims against the Debtors pursuant to 11 U.S.C. § 502(d), unless the amount of any judgment for avoidance of the Preferential Transfers is paid in full to Plaintiff;

(d)     Awarding Plaintiff its attorneys' fees and costs; and

(e)     Granting any other and further relief that this Court deems just and equitable.

Dated: May 26, 2021                    Respectfully submitted,


                                       **SUPPLE LAW OFFICE, PLLC**

                                       Joe M. Supple No. 8013
                                       801 Viand St.
                                       Point Pleasant, WV 25550
                                       304-675-6249
                                       joe.supple@supplelaw.net

                                       – and –

                                       **SQUIRE PATTON BOGGS (US) LLP**

                                       */s/  Stephen D. Lerner*
                                       Stephen D. Lerner (admitted *pro hac vice*)
                                       Travis A. McRoberts (admitted pro hac vice)
                                       Scott A. Kane (admitted *pro hac vice*)
                                       John A. Tancabel (admitted *pro hac vice*)
                                       Jennifer L. Dollard-Smith (admitted *pro hac vice*)
                                       201 E. Fourth Street, Suite 1900
                                       Cincinnati, Ohio 45202
                                       Telephone: 513.361.1200
                                       Facsimile: 513.361.1201
                                       stephen.lerner@squirepb.com
                                       travis.mcroberts@squirepb.com
                                       scott.kane@squirepb.com
                                       john.tancabel@squirepb.com
                                       jennifer.dollard-smith@squirepb.com

                                       *Co-Counsel for the Plaintiff*